judgment of dismissal. The question was as to the right to inherit under the Statute of Descent. In 1902 the property in question was owned by Joseph Short, Jr. By his will it was devised to his daughter, Stella. Stella married Louis O. Rotenbach, the plaintiff in this action. In 1918 Stella Rotenbach died intestate seized of the premises, leaving no descendant, nor had any child ever been born to her, and she was not survived by either father or mother or brother or sister or descendants of them of the whole blood. After her father's death her mother had remarried and had children, who thus became the half-brothers and sister of Stella Rotenbach. At the time of the latter's death her half-brothers and sisters were not alive, but had left descendants, who were her nieces and nephews of the half-blood. Stella Rotenbach also left cousins. They were children of the deceased sister of Joseph Short, Jr., the father of Stella. The plaintiff claimed title under deeds from these cousins of Stella. The defendants, who are the nieces and nephews of the half-blood of Stella, claim title as her heirs.

*Abel E. Blackmar, Harry G. Anderson* and *George H. Lent* for appellants.

*Clarence A. Spear* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HENRY VON BREMEN et al., Copartners under the Firm Name of VON BREMEN, ASCHE & COMPANY, Respondents, *v.* THE CURTIS CORPORATION, Appellant.

*Contract — sale — action to recover back money paid on ground that goods delivered were not those contracted for.*

*Von Bremen v. Curtis Corporation,* 206 App. Div. 601, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 17, 1923, affirming a judgment in favor

of plaintiffs entered upon a verdict. The action was brought to recover money had and received by the defendant from the plaintiffs, for which money the complaint alleged the defendant agreed to deliver to the plaintiffs certain goods consisting of certain specific kippered sardines; that the defendant failed to deliver said sardines, but did deliver certain other sardines, but not the sardines which the defendant had agreed to deliver, and for which said money was paid.

*Alfred H. Strickland* for appellant.

*Gustav Lange, Jr.,* for responde.ts.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE ANDES CO-OPERATIVE DAIRY COMPANY, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

*Contract — guaranty — action to recover on surety bond — defense of failure to comply with terms thereof.*

*Andes Co-operative Dairy Co.* v. *Commercial Casualty Ins. Co.,* 207 App. Div. 102, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

APPEAL from a judgment, entered November 30, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. The action was brought to recover the amount of a guaranty given by defendant to plaintiff to secure to the latter payment for milk products sold by plaintiff to the Kremo-Lac Company. The products so sold during August, 1922, amounted to $5,960.11, which amount is unpaid. The defense was that no written contract within the terms of the guaranty was annexed thereto as required by said guaranty or bond but that the plaintiff and the Kremo-Lac Company continued to do business under an oral agreement and that the defendant insurance